UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRANCE L. HARRIS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-16-CCB-SJF |
| BITES, | |
| Defendant. | |

OPINION AND ORDER

Terrance L. Harris, a prisoner without a lawyer, filed a complaint with two unrelated claims. ECF 1. He was given the chance to pick which one he wanted to pursue in this case. ECF 8. He was told if he did not pick by the deadline, the court would pick one and dismiss the other. *Id*. Harris has not picked a claim in the eight months since that order was entered. The deadline has long since passed and the court now picks the claim against Correctional Officer Bites. The claim against Correctional Officer Berry will be dismissed without prejudice so he can pursue it in a separate case if he chooses to do so.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Harris alleges Correctional Officer Bites broke his tablet on December 11, 2024. The Fourteenth Amendment provides that State officials shall not "deprive any person of life, liberty, or property, without due process of law," but a State tort claims act which provides a method to seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees. Those State laws provide an adequate post deprivation remedy to redress State officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Because the Indiana Tort Claims Act provides Harris a post-deprivation remedy, he has not been denied due process and this complaint does not state a claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile."

*Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons explained, such is the case here.

For these reasons, the court:

(1) **DISMISSES WITHOUT PREJUDICE** the claims against Correctional Officer Berry because they are unrelated to the claims against Correctional Officer Bites; and

(2) **DISMISSES** the claims against Correctional Officer Bites under 28 U.S.C. § 1915A because they do not state a claim for which relief can be granted.

SO ORDERED on January 5, 2026.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT